IN THE UNITED STATE DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

UNITED STATES OF AMERICA                                                      RESPONDENT

vs.                              Criminal No. 6:17-cr-60038
                                 Civil No. 6:20-cv-06088

NICO DESHAWN DANIELS                                                          MOVANT

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Movant is Nico Deshawn Daniels ("Daniels") who filed a *pro se* Motion Under 28 U.S.C. § 2255 (2008) to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.  ECF No. 89.  Daniels filed this Motion on August 18, 2020.  *Id.*  Thereafter, Daniels was appointed counsel, and his counsel has raised no issues beyond those raised in the original Motion.  ECF No. 94.  On January 11, 2021, the Government responded to this Motion.  ECF No. 97.

The Motion was referred for findings of fact, conclusions of law, and recommendations for the disposition of the case.  The Court has reviewed the Motion and the response; and based upon that review, the Court recommends this Motion be **DENIED**.

**1.     Procedural Background[1]:**

On October 25, 2017, Daniels was charged in a one-count Indictment issued by a Federal Grand Jury for the Western District of Arkansas.  ECF No. 1.  Count One charged Daniels as follows:

> On or about July 30, 2017, in the Western District of Arkansas, Hot Springs Division, the defendant, NICO DESHAWN DANIELS, having been previously convicted of a crime punishable by imprisonment for a term exceeding one year knowingly possessed a firearm, specifically a Charter Arms .38 cal. Revolver, serial number 748411, which had been shipped and transported in interstate commerce, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

---

[1] The "Procedural Background" is taken from the docket and the filings in this case.

1

*Id.* at 1. Daniels appeared for an initial appearance on November 6, 2017. ECF No. 8. The Federal Defender[2] was appointed to represent Daniels. ECF No. 14.

On December 14, 2017, Daniels filed a motion to suppress statements he made to Arkadelphia police, arguing those statements were the product of custodial interrogation taken without the benefit of *Miranda* warnings. ECF No. 16. The Government responded, and a hearing was held on January 29, 2018. ECF No. 21. On February 8, 2018, the Court issued an order granting in part and denying in part Daniels's motion to suppress. ECF No. 22.

A jury trial in Daniels's case was held on March 7, 2018 and March 8, 2018. ECF Nos. 45, 49. At the conclusion of the jury trial, the jury found Daniels guilty of being a felon in possession of a firearm, as charged in Count One of the Indictment. ECF No. 53. Before sentencing, the probation office issued Daniels's Final Presentence Investigation Report ("PSR"). ECF No. 61. Daniels's base offense level (and total offense level) was set at 20 pursuant to U.S.S.G. § 2K2.1(a)(4)(A). ECF No. 61 ¶¶ 18, 26. Daniels's criminal history score was determined to be 14, establishing a criminal history category of VI. *Id.* ¶¶ 43-45. Daniels faced a statutory maximum term of 10 years imprisonment. *Id.* ¶ 70. Daniels's advisory guidelines range was 70-87 months imprisonment. *Id.* ¶ 71.

On September 17, 2018, Daniels appeared before the Honorable Susan O. Hickey for sentencing. ECF No. 68. The Court sentenced Daniels to 70 months imprisonment with credit for time served in federal custody, 3 years supervised release, and a $100.00 special assessment. ECF No. 69. On September 25, 2018, Daniels filed a timely notice of appeal. ECF No. 71. On appeal, Daniels argued the Court erred in denying his motion to suppress custodial statements made in reference to a firearm and that the Court erred in its ruling on both his and the Government's

---

[2] Mr. Jose Alfaro of the Federal Defender was specifically appointed.

motions *in limine.* *United States v. Daniels,* 932 F.3d 1120 (8th Cir. 2019). The Eighth Circuit disagreed and affirmed the decision of Judge Hickey. *Id.* at 1126.

On August 18, 2020, Daniels filed a *pro se* Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. ECF No. 89. With this Motion, Daniels raises four claims for relief:

1. His counsel was ineffective for failing to challenge the investigative stop wherein the unlawful weapon was discovered;

2. His jury trial was unfair because none of the jurors were his peers and none were African-American;

3. His counsel was ineffective because he did not inform him of all the elements of 922(g); and

4. His counsel was ineffective for failing to assert that the Government had violated *Brady.*

The Government has responded. ECF No. 97. This Motion is now ripe for consideration.

**2.** **Applicable Law:**

A § 2255 motion is fundamentally different from a direct appeal. The Court will not reconsider an issue, which was decided on direct appeal, in a motion to vacate pursuant to § 2255. *See United States v. Davis*, 406 F.3d 505, 511 (8th Cir. 2005); *Dall v. United States*, 957 F.2d 571, 572 (8th Cir.1992) ( "Claims which were raised and decided on direct appeal cannot be relitigated on a motion to vacate pursuant to 28 U.S.C. § 2255.").

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996).

3. **Discussion**:

The Court will individually address Daniels's claims; however, as an initial matter, the Court notes Daniels did not raise the current claims as a part of his direct appeal. Thus, the Court will first consider whether Daniels procedurally defaulted his four claims.

### A. Procedural Default

The failure to raise an issue on direct appeal ordinarily constitutes a procedural default and precludes a defendant's ability to raise that issue for the first time in a § 2255 motion. *See Dejan v. United States,* 208 F.3d 682, 685 (8th Cir. 2000). This rule applies whether the conviction was obtained through a trial or through the entry of a guilty plea. *See, e.g., United States v. Cain,* 134 F.3d 1345, 1352 (8th Cir. 1998).

In the present action, Daniels did not raise any of the current four claims as a part of his direct appeal. Thus, Daniels has procedurally defaulted; and unless a recognized excuse or exception for this default applies, Daniels cannot continue pursuing his claims in this Court. A defendant (here, Daniels) may avoid a procedural default only if he "can show both (1) cause that excuses the default, and (2) actual prejudice from the errors asserted." *Matthews v. United States,* 114 F.3d 112, 113 (8th Cir. 1997). "'[C]ause' in the formula 'cause and prejudice' means some impediment to making an argument" at the time of the direct appeal. *Turner v. United States,* 693 F.3d 756, 758 (2012). Here, Daniels has not suggested any external impediment prevented him from presenting his claims on direct appeal. Thus, Daniels has not presented "cause" sufficient to excuse his procedural default.

Furthermore, the only other exception that would entitle Daniels to relief is if he could prove "actual innocence." *See Bousley v. United States,* 523 U.S. 614, 622 (1998). Here, once again, Daniels has made no such showing. Accordingly, the Court finds no basis for excusing

Daniels's procedural default. Nevertheless, even if these claims had not been procedurally defaulted; and consistent with the following analysis, the Court finds Daniels is not entitled to relief.

### B. Investigative Stop

Daniels's first claim is that his counsel was ineffective for failing to challenge the initial vehicle stop wherein his unlawful weapon was discovered. ECF No. 89 at 4-5. In order to prevail on a claim for ineffective assistance of counsel, Daniels must show his attorney's performance was "deficient," and that the deficient performance was "prejudicial." *Strickland v. Washington,* 466 U.S. 668, 687 (1984). To establish ineffective assistance of counsel a movant faces a heavy burden. *See United States v. Apfel,* 97 F.3d 1074, 1076 (8th Cir. 1996). The burden of proving ineffective assistance of counsel is on the movant. *See United States v. Chronic,* 466 U.S. 648, 658 (1984). Therefore, Daniels has the burden of establishing both his counsel's deficient performance and his resulting prejudice to be entitled to relief. *See, e.g., Davis v. Norris,* 423 F.3d 868, 877 (8th Cir. 2005).

Daniels claims his attorney was ineffective for failure to challenge the initial traffic stop wherein his illegal firearm was discovered. The "Fourth Amendment protects individuals against unreasonable searches and seizures by the government." *United States v. Ramirez,* 676 F.3d 755, 759 (8th Cir. 2012) (*quoting United States v. Williams,* 521 F.3d 902, 905 (8th Cir. 2008)). "It is well-settled that a warrantless search or seizure is '*per se* unreasonable under the Fourth Amendment—subject only to a few specifically established and well-delineated exceptions.'" *United States v. Rush,* 651 F.3d 871, 875-76 (8th Cir. 2011) (*quoting Katz v. United States,* 389 U.S. 347, 357 (1967)).

5

One such exception permits "'an investigative stop of the vehicle if officers have a reasonable suspicion the vehicle or its occupants are involved in criminal activity.'" *United States v. Smith,* 648 F.3d 654, 658 (8th Cir. 2011) (*quoting United States v. Bell,* 480 F.3d 860, 863 (8th Cir. 2007)). In such a case, "'officer[s] may briefly stop an individual and make reasonable inquiries aimed at confirming or dispelling the suspicion.'" *Smith,* 648 F.3d at 658 (*quoting United States v. Hughes,* 517 F.3d 1013, 1016 (8th Cir. 2008)). "Reasonable suspicion" requires that officers have a suspicion, grounded in particularized, objective facts which "taken together with rational inferences from those facts, reasonably warrant suspicion that a crime [has been] committed." *Smith,* 648 F.3d at 658 (*quoting United States v. Lopez-Mendoza,* 601 F.3d 861, 865 (8th Cir. 2010)).

In the present action, law enforcement did have "reasonable suspicion" to stop Daniels. The PSR supplied the facts (taken from the police reports and testimony provided at Daniels's trial) surrounding the stop as follows:

> On July 30, 2017, the Arkadelphia, Arkansas, Police Department received a call regarding a white female that had just passed three counterfeit $100 bills at Auto Zone. Officers traveled to Auto Zone and while reviewing the security camera footage, the suspect was seen walking across the parking and getting into the back seat of a tan or gray Nissan Maxima. The vehicle appeared to have two black subjects in the front seat. At the same time, officers received a report from O'Reilly Auto Parts stating that four counterfeit $100 bills had been passed at the store. The suspect's description was the same from both stores. A short time later, the suspect was seen at Walmart, in Arkadelphia, Arkansas.
>
> Once at Walmart, officers made contact with the suspect, who was identified as Tiffany Gwatney. Gwatney was taken into custody. The vehicle that Gwatney had been riding in was stopped by officers at McDonalds in Arkadelphia, Arkansas.

ECF No. 61 ¶¶ 10-11.

This is the information officers utilized in their decision to stop the vehicle Daniels was driving. The officers' decision to stop the vehicle was based upon sufficient information that it

6

easily satisfies the "reasonable suspicion" standard. Any challenge raised by counsel, based on those facts, would have been without merit. *See Thomas v. United States,* 951 F.2d 902, 905 (8th Cir. 1991) (recognizing that a counsel's failure to raise meritless issues does not constitute ineffective assistance of counsel). As a result, Daniels's counsel was not ineffective in this instance, and Daniels's first ground for relief should be denied.

### C. *Batson* Challenge

Daniels's second argument was that his jury trial was unfair because none of the jurors in his case were his peers and none of them were African-American. ECF No. 89 at 5-6. Daniels claims the all-white racial composition of his jury violated *Batson v. Kentucky*. *Id.*

Upon review of Daniels's case, however, *his* attorney actually struck the only African-American jurors. ECF No. 79 at 26-27. The Government did not strike any prospective African-American jurors. *Batson* forbids the Government or the prosecutor from challenging potential jurors solely on the basis of their race. *See Batson v. Kentucky,* 476 U.S. 79 (1986). Because his attorney struck the jurors, and the Government did not, *Batson* does not apply. Further, any challenge to the jury based on *Batson* would have lacked merit and counsel was not ineffective for failing to raise such claim.

### D. Elements of 922(g)

Daniels claims he was not "aware of all the elements that 922(g) has" and "didn't know about [the requirements] before I went to trial." ECF No. 89 at 7-8. In reviewing his claim, it appears Daniels is claiming his counsel was ineffective because he failed to inform him of the factual elements required for a conviction under 18 U.S.C. § 922(g). *Id.* Daniels offers no authority for the proposition that counsel must inform Defendant of the specific elements of a crime prior to trial.

Daniels appears to support his claim by claiming *United States v. Rahaif,* 139 S.Ct. 2191 (2019) applies to his case. In *Rahaif*, the United States Supreme Court held that, in a prosecution under § 922(g) and § 924(a)(2), the Government must prove *both* that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm. *See Rahaif,* 139 S.Ct. at 2200. *Rahaif* did not require that a defendant be advised of the elements by counsel after he was charged. Further, *Rahaif* was decided in 2019, well after Daniels's conviction in 2018. Thus, Daniels's counsel was not ineffective for failing to advise him regarding a case that had not been decided yet and that is not applicable to his claims here.

### E. *Brady* Violation

Daniels's fourth claim is that his trial counsel was ineffective for failing to assert the Government had violated *Brady v. Maryland,* 373 U.S. 83 (1963). ECF No. 89 at 8-11. To demonstrate a violation under *Brady,* Daniels must show the following: "(1) the prosecution suppressed the evidence; (2) the evidence was favorable to the defendant; and (3) the evidence was material." *United States v. Tate,* 633 F.3d 624, 630 (8th Cir. 2011) (*quoting United States v. Keltner,* 147 F.3d 662, 673 (8th Cir. 1998)).

In the instant case, however, Daniels does not identify what evidence the United States failed to disclose. Instead, with his claim, he simply states there was "insufficient evidence" against him. ECF No. 89 at 8-11. He also references a "statement" and body camera "tampering." *Id.* Without more, Daniels cannot meet these three requirements and has been unable to demonstrate a *Brady* violation. Further, a review of the trial record here clearly shows there was sufficient evidence to support the jury's verdict in this case.

**4.**　　**<u>Recommendation</u>**:

Accordingly, based on the foregoing, the Court recommends the instant Motion (ECF No. 89) be **DENIED** and dismissed with prejudice.[2] The Court also recommends no Certificate of Appealability issue in this matter. Daniels procedurally defaulted on his claims, and no exception applies for the Court to consider these claims. Furthermore, even if Daniels had not procedurally defaulted, his claims are without merit.

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court**. *See Thompson v. Nix*, **897 F.2d 356, 357 (8th Cir. 1990).**

**DATED this 19th day of February 2021.**

　　　　　　　　　　　　　　　　　　　　/s/ *Barry A. Bryant*
　　　　　　　　　　　　　　　　　　　　HON. BARRY A. BRYANT
　　　　　　　　　　　　　　　　　　　　U. S. MAGISTRATE JUDGE

---

[2] "A federal court may dismiss a claim without an evidentiary hearing where the allegations are frivolous, where the allegations fail to state a constitutional claim, where the relevant facts are not in dispute, or where the dispute can be resolved on the basis of the record." *Urquhart v. Lockhart*, 726 F.2d 1316, 1318-19 (8th Cir.1984).